■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PRICE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered June 11, 1980, convicting him of burglary in the third degree, petit larceny, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewed in the light most favorable to the People, the evidence was sufficient to prove the defendant's guilt of the crime of burglary in the third degree beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932).

We also find that the defendant was properly adjudicated a second felony offender based upon a 1976 conviction for burglary in the State of Pennsylvania. The statutory elements of the Pennsylvania burglary statute are virtually identical to the elements which constitute the offense of burglary in the third degree under the New York Penal Law *(see,* Pa Stats Ann, tit 18, § 3502; Penal Law § 140.20). Therefore, the defendant's act would constitute a felony under the laws of New York. In addition, the authorized permissible sentence under Pennsylvania law for the crime of which the defendant was convicted was 20 years *(see,* Pa Stats Ann, tit 18, § 1103 [1]). As such, the statutory requirements upon which second felony offender status may be established were proven in this case

and the defendant was properly adjudicated a second felony offender *(see,* Penal Law § 70.06).

The other issues raised by the defendant are either unpreserved for review or meritless. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.