■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PERSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered October 15, 1984, convicting him of attempted robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kepner, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the showup identification procedure employed at bar was suggestive so as to violate due process is without merit. The showup conducted by the police at the scene of the apprehension of the two perpetrators, within 15 minutes after the robbery, was not so suggestive as to render the showup unreliable. Here the witness gave a

description of the heights and the shirts worn by the two perpetrators. The witness was shown two other individuals and stated they were not the ones involved. Subsequently, he was taken to where the defendant and his cohort had been stopped, and identified them. The one-on-one confrontation occurred within minutes of the commission of the crime and was indicative of good police work directed at apprehending the perpetrators while the witness's memory was fresh (see, People v Gilliard, 116 AD2d 657).

Although the subsequent station house viewing of the perpetrators was improper, as conceded by the People, Criminal Term properly concluded that it did not taint the first showup and did not preclude the complainant from making an in-court identification. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.