■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered October 30, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing (Chetta, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

After receiving a radio transmission advising of a robbery committed in the vicinity of 217th Street and Hollis Avenue by a black man wearing leather pants and a dark jacket, Police Officers Martino and Whitfield, on route to that location, observed an individual at Hollis Avenue and 205th Street whose appearance matched that of the radio description. The

officers detained the individual, the defendant herein, and radioed their fellow officers, who were with the complainants, to transport the complainants to the scene. The complainants arrived within minutes, and while seated in a police car, identified the defendant as the robber. At the time the identification took place, the defendant was standing on a crowded street without handcuffs, between two plain-clothes officers whose identity as policemen had not been revealed to the complainants. The hearing court denied, in part, those branches of the defendant's motion which were to suppress physical evidence and identification testimony, concluding that the officers' actions had been supported by reasonable suspicion and that the subsequent identification procedure was permissible under the circumstances.

Contrary to the defendant's contentions on appeal, the police conduct was justified in its inception and reasonably related in scope to the circumstances which rendered its initiation permissible (see, e.g., People v De Bour, 40 NY2d 210, 215; People v Cantor, 36 NY2d 106). After receiving a radio description of a robber who had recently committed a robbery in the area, the officers were justified in briefly detaining defendant—whose appearance matched the description—so as to permit a prompt, on-the-scene viewing by the complainants who were nearby, and who could either identify the defendant as the robber or confirm that he had not been the perpetrator of the robbery (see, e.g., People v Hicks, 68 NY2d 234; People v Love, 57 NY2d 1023). Accordingly, "[a] speedy on-the-scene viewing thus was of value both to law enforcement authorities and to defendant, and [thus] was appropriate here" (People v Hicks, supra, at 242). The defendant's contention that the showup subsequently employed was unduly suggestive is without merit. Here, the identification procedure was conducted promptly after the crime had been committed, and was neither unnecessarily suggestive nor conducive to irreparable mistaken identification (see, People v Hicks, supra, at 234, 242; People v Domond, 123 AD2d 880, 881). In any event, the record supports the hearing court's conclusion that there was an independent source for the in-court identification by the complainant Elmendorf, who viewed the defendant at close range, in a well-lighted building for a period of some five minutes during the commission of the robbery (see, People v Lewis, 123 AD2d 716; People v Lloyd, 108 AD2d 873, affd 66 NY2d 964; People v Smalls, 112 AD2d 173).

Moreover, the court's Sandoval ruling, which permitted inquiry only as to whether the defendant had ever been

convicted of a felony did not represent an abuse of discretion (see, People v Sandoval, 34 NY2d 371; People v Edwards, 118 AD2d 581; People v Torres, 110 AD2d 794). Finally, viewed in a light most favorable to the People, the evidence was sufficient to establish the defendant's guilt of the crime of robbery in the first degree (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Price, 118 AD2d 603), and his conviction was not against the weight of the evidence (see, CPL 470.15 [5]). Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.