■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO GARCIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered March 11, 1985, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that the trial court committed reversible error in its charge to the jury concerning accessorial liability. We disagree.

The trial court, in its instruction regarding "acting in concert", specifically recited the elements of Penal Law § 20.00, and informed the jury that a person may be criminally liable for the conduct of the principal actor "when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes or intentionally aids such person to engage in such conduct". The trial court's instruction, therefore, adequately apprised the jury of the requisite mental culpability necessary to hold the defendant criminally accountable for the conduct of the coparticipants. Moreover, the evidence adduced by the People established beyond a reasonable doubt that the defendant possessed the mental culpability necessary to commit the crimes charged and that in furtherance thereof, he intentionally aided the principal actor, and the verdict was not against the weight of the evidence (see, People v La Belle, 18 NY2d 405; People v Hayes, 117 AD2d 621, lv denied 68 NY2d 668).

We further find that the court did not err in its instruction to the jury regarding criminal facilitation.

We see no reason to disturb the sentence imposed.

The defendant's remaining contention has been examined and has been found to be without merit. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.