■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALLEYNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered March 14, 1984, convicting him of attempted robbery in the third degree, upon a jury verdict, and imposing a sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is affirmed.

The evidence adduced at trial, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant further argues that his initial detention was unlawful, and that his ensuing arrest was not based on probable cause. We disagree. The victim had ample time to identify his assailants during the initial attack. In addition, while perusing the nearby area in a police car shortly after the crime, the victim saw 2 men, 1 of whom was wearing a tan jogging suit, and identified them as the perpetrators. A radio description was sent out, and two men, fitting the victim's description, were detained nearby by other police officers, several minutes later. Under these circumstances, the detention of the defendant and his companion was lawful, since it was supported by a reasonable suspicion that they had just engaged in criminality *(see, People v Hicks,* 68 NY2d 234; *People v John BB.,* 56 NY2d 482; *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106; *People v Finlayson,* 76 AD2d 670, *cert denied* 450 US 931). Further, the on-the-scene showup identification of the defendant was lawful, since the identification was made shortly after the robbery *(see, People v Blake,* 35 NY2d 331; *People v Holly,* 106 AD2d 403; *People v Veal,* 106 AD2d 418). Accordingly, the ensuing arrest, which was based on the victim's positive identification, was supported by probable cause *(see, People v Carrasquillo,* 54 NY2d 248; *People v De Bour, supra).*

We have reviewed the remaining alleged errors urged by the defendant as grounds for reversal, and find them to be

either without merit or harmless under the circumstances. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.