THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO RIVERA, Appellant.

We find that the hearing court properly determined that testimony concerning the showup identification procedure was admissible in evidence. The showup occurred within a reasonably short time after the robbery and immediately subsequent to the apprehension of the defendant who fit the description given by the complainant. It cannot be said that the showup was so "unnecessarily suggestive and conducive to irreparable mistaken identification, that the defendant was denied due process of law" *(People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366; *see, People v Ellis,* 126 AD2d 663, *lv granted* 69 NY2d 949; *People v Person,* 125 AD2d 610, *lv denied* 69 NY2d 884).

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The complainant testified as to his positive identification of the defendant as his assailant and identified certain of his personal property which had been recovered from the defendant. In addition, the defendant

admitted that a lighter in his possession belonged to the complainant and the stolen vehicle was recovered only 150 feet from where the defendant was initially observed by the police.

Given the defendant's adjudicated status as a persistent felony offender, we find that the defendant's sentence was not excessive and was an appropriate exercise of the sentencing court's discretion (see, People v Suitte, 90 AD2d 80).

Finally, we have considered the contentions raised in the defendant's supplemental *pro se* brief and find them to be without merit. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.