THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DRAKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered November 18, 1985, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the afternoon of October 31, 1984, the complainant entered a subway station at York and Jay Streets in Brooklyn and was confronted by the defendant and his brother. The defendant's brother grabbed the complainant's pocketbook and the two men each took one of the complainant's arms, throwing her headfirst down the subway stairs. They then ran out of the subway station with the complainant's pocketbook.

Three plainclothes police officers saw the defendant follow the complainant into the subway and, a few minutes later, saw him running with his brother into a nearby park, where two of the officers apprehended them. The two men were brought back to the scene of the incident for a possible identification by the complainant. They were seated in a police car and the complainant was asked, eight minutes after the crime had been committed, "[a]re these the people that robbed you?" She said they were. The defendant and his brother were then arrested.

The defendant claims that the court erred in denying that branch of his omnibus motion which was for a Wade hearing

and in permitting the introduction of testimony as to the showup identification into evidence, alleging that it was unduly suggestive. His application for a *Wade* hearing failed to allege any factual basis for his claim, and while CPL 710.60 (3) (b) (as amended by L 1986, ch 776, § 1), relieves a defendant of showing a factual basis for suppression of identification testimony, the amendment is not applied retroactively *(People v Thompson,* 129 AD2d 655, 656). Therefore, the court's denial of the application without a hearing was proper *(People v Roberto H.,* 67 AD2d 549).

In any event, evidence of the identification was properly admitted. Where a showup takes place in close proximity to the crime scene, within a short period of time thereafter, the identification is generally not so suggestive as to deny a defendant his right to due process. These procedures are justified because a prompt, on-the-scene identification ensures that the detention of an innocent person will not occur *(see, People v Digiosaffatte,* 63 AD2d 703; *see also, People v Love,* 57 NY2d 1023, 1023-1024; *People v Brnja,* 50 NY2d 366, 372). Furthermore, the question posed to the complainant was not suggestive; nor did it imply that the police believed the two suspects to be the robbers. The question simply asked for an identification and was, therefore, not improper *(see, People v Warner,* 125 AD2d 430, 431, *lv denied* 69 NY2d 887).

The defendant further contends that the court erred in declining to admit into evidence certain portions of a police report in which the complaining witness allegedly made inconsistent statements. The record reveals, however, that during his cross-examination of the witness, the defense counsel paraphrased the contents of the report and exaggerated its arguable inconsistency, thereby placing the issue before the jury in a light most favorable to the defense *(see, People v Piazza,* 48 NY2d 151, 165). In any event, we conclude, on the record before us, that any error was harmless in light of the overwhelming evidence of guilt.

We have examined the defendant's other claims of error, including the *Sandoval* ruling, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Rubin, Kooper and Spatt, JJ., concur.