■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES K. COLSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered February 2, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The majority of the issues raised by the defendant were considered and rejected by this court in our recent affirmance of the codefendant's conviction *(see, People v Rivera,* 140 AD2d 554). Contrary to the defendant's contention, his detention by the arresting officers for the purpose of a showup was based on reasonable suspicion and was justified *(see,* CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210, 223; *People v Grant,* 130 AD2d 683, 684, *lv denied* 70 NY2d 712). After receiving a radio description of two men who had recently committed a robbery of a taxicab driver in the area, the arresting officers properly detained the defendant and his codefendant, both of whom matched the provided descriptions. This resulted in a prompt, on-the-scene viewing by the complainant *(see, People v Hicks,* 68 NY2d 234; *People v Grant, supra).* The defendant's contention that the showup procedure was unduly suggestive because he was viewed together with the codefendant is without merit *(see, e.g., People v Drake,* 141 AD2d 560, *lv denied* 72 NY2d 911; *People v Palmer,* 140 AD2d 720; *People v Johnson,* 137 AD2d 719). Moreover, we note that the record confirms the hearing court's determination that there was an independent basis for the in-court identification by the complainant. The complainant turned on the vehicle's interior light and turned toward the defendant as he entered the rear

seat of the taxicab. Moreover, when the defendant placed a knife to the throat of the complainant he was again able to see the defendant's face. Additionally, when the complainant was directed to exit the vehicle he observed the defendant's reflection in the rearview mirror again with the interior light illuminating the passenger compartment.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including the arguments raised in his supplemental pro se brief, and find them to be without merit. Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.