■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DETROY LIVINGSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 2, 1987, convicting him of murder in the second degree, attempted murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we are satisfied that the People proved his guilt beyond a reasonable doubt. The evidence adduced at trial established that the defendant, who was armed with a handgun, participated in the robbery of a store with three other assailants, one of whom was similarly armed with a handgun. Upon entering the store, the other armed perpetrator *(see, People v Cook,* 169 AD2d 836), shot and wounded one store employee and the defendant shot another employee who subsequently died from his wounds. A witness observed the shootings and the assailants' flight from the store during which the other armed perpetrator carried a shopping bag full of stolen items.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence was sufficient to permit the jury to conclude that the defendant and his fellow robbers acted in concert to perpetrate the robbery, that the defendant intended to kill the employee whom he shot, and that he shared the intent of the other armed assailant who shot and wounded the other employee. The evidence clearly established that the defendant and his coperpetrators shared a community of purpose and a common intent to commit the instant

crimes *(see, People v Santana,* 141 AD2d 778; *People v Raphael,* 134 AD2d 535). It is significant that the defendant was obviously aware that at least one other robber was armed *(see, People v Whatley,* 69 NY2d 784) and this evidence provided a reasonable basis from which the jury could logically infer that the defendant acted with the mental culpability to commit all of the crimes charged *(see, People v McClary,* 138 AD2d 413) including the attempted murder of the surviving victim *(see also, People v Herring,* 149 AD2d 731).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.