■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN ARMISTEAD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered October 25, 1989, convicting him of attempted robbery in the first degree, attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that there was a history of animosity between the defendant and the victim. On August 11, 1988, the defendant and Joe Terry, along with two other men, drove to the corner where the victim was waiting to use a public telephone. Two of the men removed something from the trunk of the car. The defendant and Terry then crossed the street to where the victim was standing, each approaching from a different direction. The defendant positioned himself in front of the victim with his arms folded across his chest and blocked the victim's path. At the same time, Terry asked the victim for money. When the victim claimed to not know what Terry was talking about, Terry drew a gun from his waistband and put it to his head. When the victim turned around, Terry shot him. The defendant was still in the victim's way. After the victim was shot, the two men ran back to the car together and drove away.

In order to be held responsible for the acts of the principal actor, a defendant must be found to share a community of purpose with the principal (see, People v Allah, 71 NY2d 830; People v Whatley, 69 NY2d 784). Specifically, Penal Law § 20.00 provides that a person may be criminally liable for the conduct of the principal actor "when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (see also, People v Santana, 141 AD2d 778; People v McClary, 138 AD2d 413; People v Garcia, 132 AD2d 565). Intent can be established from the act itself or from the defendant's conduct and the surrounding circumstances (see, People v Bracey, 41 NY2d 296; People v Turner, 141 AD2d 878). Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt (see, People v Contes, 60 NY2d 620).

We also find that the trial court did not err in admitting the victim's statement to his fiancée regarding the identity of the shooter since the statement was admissible pursuant to the excited utterance exception to the hearsay rule. The victim made his statement only 10 to 15 minutes after he was shot in the back at close range. He was covered with blood, in substantial pain, "hysterical", and he had collapsed. He testified that he ran home because he wished to die in the arms of his fiancée. Since the victim's statement to his fiancée was made under the continuing influence of the stress and excitement of the shooting, and under surrounding circumstances which

justified the conclusion that the statement was not made under the impetus of studied reflection, the trial court did not err in admitting the statement *(see, People v Edwards,* 47 NY2d 493; *see also, People v Brooks,* 71 NY2d 877; *People v Brown,* 70 NY2d 513; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.