■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 8, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 1:00 A.M. on April 25, 1987, a resident of an apartment building in Brooklyn looked out of the peephole in his apartment and observed the defendant, his next-door neighbor's son, coming out of the adjacent apartment. The witness observed that the defendant was carrying something covered with a white sheet. He noticed a woman's bare foot dangling beneath the sheet. The defendant carried the body up a flight of stairs towards the roof and was seen putting something down at the top of the staircase. A short while later, he was observed coming back down the stairs, carrying only the white sheet, and re-entered his father's apartment. The police discovered the woman's body at the top of the staircase later that morning, and thereafter, charged the defendant with murder in the second degree.

The court charged the jury with respect to the permissive inference of guilt that may be drawn against an accused found to be in the recent and exclusive possession of a dead body *(see, People v Galbo,* 218 NY 283). The defendant's main contention on appeal is that he was deprived of a fair trial because, during its charge, the court suggested that he was in fact the person the witness allegedly observed carrying the

woman's body, even though the issue of identity was in dispute. We disagree.

The court gave a detailed and proper instruction to the jury on the standards for assessing the reliability of the witness's identification testimony, and correctly stressed the jury's role as the finder of the facts (see, People v Luperena, 159 AD2d 727). The court's charge, read in its entirety, adequately conveyed the standards to be applied by the jury in arriving at its verdict (see, People v Adams, 69 NY2d 805, 806; People v Galbo, supra).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Ford, 66 NY2d 428). Moreover, upon the exercise of our factual review power, we are satisfied the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.