■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO BEDOYA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered March 8, 1991, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying suppression of the complainant's identification testimony and of the razor recovered from the vehicle he was operating as fruits of an unlawful stop and search. The hearing record demonstrates that the police had reasonable suspicion to stop the vehicle on the basis of a radio bulletin (see, Terry v Ohio, 392 US 1; People v Hicks, 68 NY2d 234; People v Wade, 143 AD2d 703; People v Adams, 123 AD2d 769). Moreover, the actions of the police officers in drawing

their guns after approaching the vehicle and ordering the defendant and his companion out of the vehicle were justified under the circumstances as appropriate measures to insure their safety *(see, People v Brnja,* 50 NY2d 366; *People v Finlayson,* 76 AD2d 670, *cert denied* 450 US 931). Similarly, their brief detention of the defendant and his companion pending the arrival of the complainant for identification purposes was proper *(see, People v Hicks, supra).* Likewise, the complainant's on-the-scene identification was lawful, inasmuch as it was made in close temporal and physical proximity to the robbery and the circumstances were not unduly suggestive *(see, People v Hicks, supra; People v Palmer,* 140 AD2d 720; *People v Alleyne,* 136 AD2d 552). Hence, the People were not required to demonstrate an independent source for the complainant's in-court identification testimony *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Hucks,* 175 AD2d 213). Additionally, the search of the vehicle was lawful and the razor found therein constituted admissible evidence *(see, People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.