■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACEY KNIGHT, Appellant. [597 NYS2d 94] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered September 18, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). In order to hold an accessory liable for acts committed by his principal, the prosecution must prove, beyond a reasonable doubt, that the accessory possessed the requisite mental culpability for the crime charged (see, Penal Law § 20.00; People v Allah, 71 NY2d 830; People v Armistead, 178 AD2d 607). Here, the evidence established that the defendant was aware that his accomplice was armed (see, People v Whatley, 69 NY2d 784; People v Livingston, 171 AD2d 759, 760), and that the defendant actively participated in the robbery. The complainant testified that as a group of five

males were walking towards him, two of them, the defendant and his accomplice, approached the complainant. The defendant's accomplice held a gun to the complainant's head and took money and jewelry from him. When his accomplice stepped aside, the defendant approached the complainant and stated "A pussy like you supposed to get robbed." He then snatched two chains from the complainant's neck. After the accomplice fired several shots in the air, both the defendant and his accomplice fled *(see, People v Armistead,* 178 AD2d 607, *supra).* Moreover, we are satisfied that the verdict of guilt, was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490).

We also find that the hearing court properly concluded that the complainant had an independent basis to identify the defendant at the trial, notwithstanding the improper showup by the police after the defendant's arrest *(see, People v Hyatt,* 162 AD2d 713).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.