■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAMPBELL, Appellant. [599 NYS2d 57] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered October 5, 1990, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

On January 30, 1990, at approximately 10:30 P.M., an off-duty police officer telephoned the police with a detailed description of a man who appeared to behave suspiciously. The caller stated that the man was carrying a large television down the street in a residential area, and that the man then hid the television set in the bushes, before retrieving it a few moments later. Shortly thereafter, the police department received a second telephone call describing the same man in the same vicinity. The police officer who responded to the scene stopped the defendant, who matched the detailed description. An area resident followed police cars and arrived at the scene within moments, identifying the defendant as the man he had

seen carrying and then hiding a television set only minutes beforehand. The resident then led police to bushes where the television was hidden, and the police arrested the defendant.

Contrary to the defendant's contentions, the radio transmission providing a detailed description of the defendant, his location and his suspicious actions, gave rise to a reasonable suspicion that a crime had been committed, entitling the officer to briefly detain the defendant, who matched the description (see, CPL 140.50 [1]; People v Martinez, 80 NY2d 444; People v Leung, 68 NY2d 734; People v De Bour, 40 NY2d 210; People v Walker, 192 AD2d 734). The identification of the defendant by an area resident and the recovery of the television nearby, was sufficient to escalate the existing reasonable suspicion to probable cause (see, People v Johnson, 66 NY2d 398, 402).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.