■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NORMAN, Appellant. [614 NYS2d 168] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered February 18, 1992, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was deprived of a fair trial because the court improperly charged the jury on recent and exclusive possession of stolen property and suggested, during its charge, that he was in fact the person the complainants allegedly observed carrying complainant Harris's property, even though the issue of identity was in dispute. We disagree. The court correctly charged the jury with respect to the permissive inference of guilt that may be drawn against an accused found to be in recent and exclusive possession of stolen property *(see, People v Galbo,* 218 NY 283; *People v Cole,* 185 AD2d 893). Further, the court gave a detailed and proper instruction to the jury on the standards for assessing the reliability of the complainants' identification testimony, and repeatedly stressed the jury's role as the finders of the facts. Thus, the court's charge, read in its entirety, adequately conveyed the standards to be applied by the jury in arriving at its verdict *(see, People v Cole, supra).*

Further, we reject the defendant's contention that it was error for the trial court to have denied his request that criminal trespass in the third degree, and trespass, be charged as lesser included offenses of the charge of burglary in the second degree. While the People concede, and we agree, that criminal trespass in the third degree and trespass are lesser included offenses of burglary in the second degree, there was no reasonable view of the evidence which could have supported a finding that the defendant committed the lesser offenses but not the greater *(see, People v Glover,* 57 NY2d 61; *People v Rohena,* 183 AD2d 859; *People v Stubbs,* 121 AD2d 412). Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.