■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS FLANAGAN, Appellant. [639 NYS2d 395] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 29, 1994, convicting him of robbery in the second degree, assault in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that evidence obtained as a result of an allegedly unlawful stop and search of the automobile he was driving should have been suppressed. The police are authorized to stop a vehicle and make inquiry upon "a reasonable suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law" (*People v Sobotker,* 43 NY2d 559, 563; *see, People v Landy,* 59 NY2d 369, 376; *People v Mills,* 198 AD2d 236). The hearing record demonstrates that the stop was based on reasonable suspicion, as the radio description of the vehicle used during a robbery just 15 minutes earlier and eight blocks away substantially matched that of the vehicle the defendant was driving (*see, People v Landy, supra; People v Bianchi,* 208 AD2d 551, 552, *affd* 85 NY2d 1022; *People v Bedoya,* 190 AD2d 812; *People v Clark,* 172 AD2d 679). The brief detention of the defendant and his companion at the scene for the purpose of an identification by the complainant was proper, as it occurred within close temporal and physical proximity to the robbery, and none of the circumstances indicate that the procedure was unduly suggestive (*see, People v Hicks,* 68 NY2d 234; *People v Bedoya, supra*). Once the defendant was identified as one of the perpetrators of the robbery, the police had probable cause to arrest him (*see, People v Bigelow,* 66 NY2d 417, 423). Accordingly, those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence were properly denied.

The trial court properly refused to submit assault in the third degree (Penal Law § 120.00) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [2]). The relevant count in the indictment alleged that the defendant caused physical injury to the victim by means of a dangerous instrument, and the evidence of physical injury consisted of the victim's testimony that the defendant and his accomplices stabbed him in his feet with a knife while he was bound and gagged. There was no reasonable view of the evidence which would support a finding that the physical injuries were inflicted with anything other than a knife (*see generally, People v Glover*, 57 NY2d 61, 63-64).

The imposed sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.