■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RYAN, Appellant. [639 NYS2d 414] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 29, 1994, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that evidence obtained as a result of an·allegedly unlawful stop and search of the automobile in which he was a passenger should have been suppressed. The police are authorized to stop a vehicle and make inquiry upon "a reasonable suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law" (*People v Sobotker*, 43 NY2d 559, 563; *see, People v Landy*, 59 NY2d 369, 376; *People v Mills*, 198 AD2d 236). The hearing record demonstrates that the stop of the automobile was based on reasonable suspicion, as the radio description of the vehicle used during a robbery just 15 minutes earlier and eight blocks away substantially matched that of the vehicle in which the defendant was riding (*see, People v Landy, supra; People v Bianchi*, 208 AD2d 551, 552, *affd* 85 NY2d 1022; *People v Bedoya*, 190 AD2d 812; *People v Clark*, 172 AD2d 679). The brief detention of the defendant and his companion at the scene for the purpose of an identification by the complainant was proper, as it occurred within close·temporal and physical proximity to the robbery, and none of the circumstances indicate that the

procedure was unduly suggestive (*see, People v Hicks*, 68 NY2d 234; *People v Bedoya, supra*). Once the defendant was identified as one of the perpetrators of the robbery, the police had probable cause to arrest him (*see, People v Bigelow*, 66 NY2d 417, 423). Accordingly, those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence were properly denied.

The defendant was not prejudiced by the court's charge to the jury on recent and exclusive possession of stolen property that the "proof" showed that the allegedly stolen property was found in the possession of the defendant within an hour of the alleged theft from the complainant. The court correctly charged the jury with respect to the permissive inference of guilt that may be drawn against an accused found to be in recent and exclusive possession of stolen property (*see, People v Galbo*, 218 NY 283; *People v Norman*, 204 AD2d 493; *People v Cole*, 185 AD2d 893). Further, the court gave a detailed and proper instruction to the jury on the standards for assessing the reliability of the complainants' identification testimony and repeatedly stressed the jury's role as the finders of the facts. Thus, the court's charge, read in its entirety, adequately conveyed the standards to be applied by the jury in arriving at its verdict (*see, People v Norman, supra; People v Cole, supra*).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.