■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALEXANDER, Appellant. [641 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Steinhardt, J.), rendered February 23, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appellant seeks to review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred by denying the branch of his omnibus motion which was to suppress identification testimony. His appellate contention is based on a ground not raised before the Supreme Court, either in his moving papers or at the suppression hearing. Therefore, this

issue was not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Tutt,* 38 NY2d 1011). In any event, the hearing court correctly determined that the simultaneous showup identifications of the defendant by the complainant and a witness, both made near the crime scene and within several minutes of the robbery, were not unduly suggestive (*see, People v Love,* 57 NY2d 1023; *People v Adams,* 53 NY2d 241; *People v Laing,* 221 AD2d 662).

Also unpreserved for our review is the issue of the legal sufficiency of the trial evidence (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Knight,* 192 AD2d 676; *People v Armistead,* 178 AD2d 607; *People v Crutchfield,* 149 AD2d 857). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Griffin,* 161 AD2d 799).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.