■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VITIELLO, Appellant. [727 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered September 4, 1996, convicting him of attempted murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 4:00 A.M. on June 13, 1995, a police officer responding to a radio report of a shooting in Queens spoke with the victim of the shooting. The victim described the gunman, who he had known before the shooting as "Anthony," and also described the van the gunman fled in. Approximately one hour later, police officers stopped a van matching the description given by the victim.

The police officers had reasonable suspicion to stop the van, which they saw in close proximity to the time and location of the shooting (see, People v Flanagan, 224 AD2d 633; People v

*Bianchi,* 208 AD2d 551, *affd* 85 NY2d 1022). Moreover, the suspicion was elevated to probable cause when the defendant told the police officers that his name was Anthony (*see, People v Sanchez,* 216 AD2d 207; *People v Dawkins,* 163 AD2d 322).

The defendant failed to object to the prosecutor's questions on cross-examination, in which he sought to compel the defendant to testify that the arresting officer lied. The defendant also failed to object to the prosecutor's summation, in which he argued that the defendant had accused the victim and the arresting officer of lying. Thus, his arguments in this regard were unpreserved for appellate review (*see, People v Robinson,* 281 AD2d 564; *People v Green,* 272 AD2d 341). In any event, any impropriety was harmless considering the overwhelming evidence of the defendant's guilt (*see, People v Olsowske,* 247 AD2d 856; *People v Calada,* 154 AD2d 700). Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.