■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNIE DUBINSKY, Appellant. [734 NYS2d 245] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 6, 1998, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered, to be preceded by an independent source hearing.

We agree with the defendant's contention that the police lacked reasonable suspicion to stop and detain him on the street. Vague and general descriptions are not sufficient to constitute reasonable suspicion (*see, People v Stewart,* 41 NY2d 65, 69; *People v Dawkins,* 163 AD2d 322, 324). Here, the only description that the police officers had of the robbers was that they were two white males, 15 to 16 years old, who were wearing dark jackets that might be black or blue. The defendant was stopped approximately six blocks southwest of the location of the crime, was alone, and was walking towards the direction where the robbery had occurred only 15 minutes earlier. Moreover, while the arresting officer, the only witness to testify at the suppression hearing, insisted that he did not see anyone who fit the description other than the defendant, he also stated that he probably saw other white males who were "15, 16, or 17," but that he could not remember whether he saw other people who were wearing blue or black jackets in the busy commercial district. Indeed, his testimony at the hearing clearly shows that he stopped the defendant based on the fact that he recognized the defendant as someone who had been arrested at some time in the past. Accordingly, since the police lacked reasonable suspicion to stop the defendant, that branch of the omnibus motion which was to suppress the identification testimony should have been granted (*see, People v Choy,* 173 AD2d 883; *but see, People v Grant,* 130 AD2d 683).

The showup identification was also unduly suggestive. Standing alone, the fact that the unrestrained defendant was flanked by plainclothes police officers did not render the showup identification unduly suggestive (*see, People v McLaughlin,* 132 AD2d 712; *People v Grant, supra*). However, the added fact that the arresting police officer told the witness to look in the "general direction" of the defendant while a spotlight, described by the officer at the hearing as a "take down" light or "alley" light, was shining on him, rendered the identification impermissibly suggestive.

Accordingly, the defendant is entitled to a new trial, prior to which the People shall be given the opportunity to establish that the witness's in-court identification of the defendant was derived from her independent recollection (*see generally, United States v Crews,* 445 US 463; *People v Pleasant,* 54 NY2d 972, 973, *cert denied* 455 US 924).

In light of the foregoing, we decline to reach the defendant's remaining contentions. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.