■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BELL, Appellant. [796 NYS2d 650]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered September 9, 2003, convicting him of robbery in the second degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to present legally sufficient evidence to prove that he committed robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Boyle*, 289 AD2d 251 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant committed robbery in the second degree when he intentionally aided others in the commission of a robbery (*see* Penal Law §§ 20.00, 160.10 [1]; *People v Carr-El*, 287 AD2d 731 [2001], *affd* 99 NY2d 546 [2002]; *People v Wooten*, 214 AD2d 596 [1995]). Moreover, resolution of issues

of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

"The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record . . . There is nothing in the record to support the defendant's contention that the testimony of the arresting police officer at the suppression hearing was incredible" (*People v Parker*, 306 AD2d 543 [2003] [citations omitted]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.