■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN THOMPSON, Appellant. [812 NYS2d 572]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered March 5, 2003, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in

denying that branch of his omnibus motion which was to suppress his videotaped statement to law enforcement officials because it was not sufficiently attenuated from the taint of two earlier suppressed statements is unpreserved for appellate review because he failed to raise this specific contention before the hearing court (*see* CPL 470.05 [2]; *People v Vasquez*, 66 NY2d 968 [1985], *cert denied* 475 US 1109 [1986]; *People v Santana*, 235 AD2d 220 [1997]). In any event, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the videotaped statement (*see People v Duncan*, 295 AD2d 533 [2002]; *People v Abreu*, 184 AD2d 707, 708 [1992]; *People v Perry*, 144 AD2d 706 [1988]).

The defendant's claim that the evidence was legally insufficient to establish his intent to commit robbery while acting in concert with another individual is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]; *People v Bell*, 18 AD3d 881 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted in concert with, and intentionally aided, his companion (*see People v Martinez*, 1 AD3d 611 [2003]; *People v Mejia*, 297 AD2d 755 [2002]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]; *People v Prahalad*, 295 AD2d 373 [2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]; *see also People v Wells*, 18 AD3d 482, 483 [2005]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point two of his brief relating to whether certain comments made by the prosecutor during the opening statement and summation deprived the defendant of a fair trial is unpreserved for appellate review, and his remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.