THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON McCoy, Appellant. [817 NYS2d 337]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 29, 2003, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Two police officers received a radio transmission regarding a shooting at a particular location, which included a description of the vehicle in which the suspects had fled. Shortly thereafter, the officers observed a vehicle nearby matching the description traveling away from the scene of the shooting. They also observed the driver of the vehicle commit several traffic infractions. While following the vehicle in their unmarked police car with neither the lights nor siren activated, one officer observed a "dark blur" flying out of the vehicle's rear window. At that point, the officers activated their lights and siren and stopped the vehicle. The officers directed the passenger and the driver, subsequently identified as the defendant, to exit the vehicle. The men matched the description of the perpetrators, and they were arrested after being identified by a witness. A handgun was subsequently recovered from the location where the officer observed the "dark blur" exit the vehicle.

Contrary to the defendant's contention, the recovery of the gun was not the product of unlawful police conduct. The officers were merely observing the vehicle and were not engaged in

pursuit when the gun was discarded. Since there was no illegal police pursuit, the recovery of the gun was lawful (*see People v Foster,* 302 AD2d 403, 404 [2003]; *see also People v Thornton,* 238 AD2d 33, 36 [1998]; *Matter of Jaime G.,* 208 AD2d 382 [1994]).

Even if the police conduct did constitute a pursuit, the officers had reasonable suspicion based on their observations of the vehicle matching the description of the vehicle fleeing the scene of the shooting, its close proximity to and travel in a direction away from the scene of the shooting, its erratic driving, and the "dark blur" flying out of the window (*see People v Cantor,* 36 NY2d 106, 112-113 [1975]; *People v Devorce,* 293 AD2d 550 [2002]; *People v Vitiello,* 285 AD2d 480 [2001]; *People v Flanagan,* 224 AD2d 633 [1996]; *cf. People v Lindsey,* 13 AD3d 651 [2004]; *People v Woods,* 189 AD2d 838 [1993]).

After the officers observed that the two occupants of the car, the defendant and the codefendant, matched the description of suspects fleeing the shooting, they acted reasonably in temporarily detaining the defendant and the codefendant, in close proximity to the crime, for the purposes of a showup identification procedure (*see People v Allen,* 73 NY2d 378, 380 [1989]; *People v Hicks,* 68 NY2d 234, 241-244 [1986]; *People v Barnes,* 4 AD3d 433 [2004]; *People v Sharpe,* 259 AD2d 639 [1999]; *People v Flanagan,* 224 AD2d 633 [1996]; *People v Ryan,* 224 AD2d 644 [1996]). After the positive identification, the officers had probable cause to make the arrest (*see People v Day,* 8 AD3d 495, 496 [2004]; *People v Largo,* 282 AD2d 548, 549 [2001]; *People v Evans,* 237 AD2d 458, 459 [1997]; *People v Campbell,* 194 AD2d 618 [1993]).

Contrary to the defendant's contention, the officers' testimony was not "incredible as a matter of law" (*People v James,* 19 AD3d 617, 618 [2005]; *see People v Gardner,* 220 AD2d 613, 614 [1995]; *People v Boone,* 183 AD2d 721 [1992]), and the hearing court's determination that the officers were credible should not be disturbed on appeal (*see People v Parker,* 306 AD2d 543 [2003]; *People v Evans,* 298 AD2d 401 [2002]).

Furthermore, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620 [1983]; Penal Law § 265.02 [4]; *see e.g. People v Albritton,* 204 AD2d 651 [1994]; *People v Livingston,* 171 AD2d 759 [1991]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15

[5]; *People v Garafolo,* 44 AD2d 86, 88 [1974]; *People v Clark,* 222 AD2d 446 [1995]).

The court properly declined to give a circumstantial evidence charge since the prosecution's case involved some direct evidence (*see People v Daddona,* 81 NY2d 990, 992 [1993]; *People v Ruiz,* 52 NY2d 929, 930 [1981]; *People v Barnes,* 50 NY2d 375, 380 [1980]; *People v Cleague,* 22 NY2d 363, 365-366 [1968]; *People v Mazyck,* 3 AD3d 583, 584 [2004]; *People v Battle,* 160 AD2d 948, 949 [1990]).

The court's adjudication of the defendant as a second violent felony offender based solely on his prior violent felony conviction was constitutional (*see People v Rogers,* 19 AD3d 437, 438 [2005]; *People v Regan,* 11 AD3d 640, 641 [2004]; *People v Sanders,* 295 AD2d 639, 640 [2002]; *People v Goston,* 9 AD3d 905, 907 [2004]).

The defendant's remaining contention concerning the court's failure to recharge the jury with an acting in concert instruction is unpreserved for appellate review (*see People v Richardson,* 88 NY2d 1049, 1051 [1996]; *People v Whalen,* 59 NY2d 273, 280 [1983]; *People v South,* 233 AD2d 910 [1996]). Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.