■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN JOGIE, Appellant. [858 NYS2d 386]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered March 20, 2007, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 23 years for robbery in the first degree, 15 years for

criminal possession of a weapon in the second degree, and 7 years for criminal possession of a weapon in the third degree. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate term of imprisonment of 23 years imposed on the conviction of robbery in the first degree to a determinate term of imprisonment of 17 years; as so modified, the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel and his right to procedural due process during a suppression hearing. However, certain of these claims rely on matter dehors the record which are not reviewable on direct appeal (*see People v Finch,* 279 AD2d 588 [2001]; *People v DeLeon,* 278 AD2d 425, 426 [2000]). To the extent they are reviewable, the record demonstrates that the defendant was afforded meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

"[C]redibility determinations of the hearing court are entitled to great deference on appeal, and its conclusions will not be set aside unless manifestly erroneous or unsupported by the record" (*People v Rivera,* 27 AD3d 489, 490 [2006]; *see People v Sutherland,* 40 AD3d 890, 891 [2007]; *People v Bell,* 18 AD3d 881, 882 [2005]). Here, the hearing record amply supports the hearing court's determination to credit the police testimony, as well as the court's factual findings that the stop of the defendant's vehicle was based upon reasonable suspicion. In this regard, the radio description of the vehicle involved in a robbery less than five minutes earlier and 2½ blocks away from the scene substantially matched that of the vehicle the defendant was driving (*see People v Hicks,* 68 NY2d 234, 238 [1986]; *People v McCoy,* 30 AD3d 441, 442 [2006]; *People v Devorce,* 293 AD2d 550 [2002]; *People v Flanagan,* 224 AD2d 633 [1996]; *People v Bloise,* 150 AD2d 382, 382-383 [1989]). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied.

The County Court properly denied the defendant's motion to dismiss the first count of the indictment. The indictment afforded the defendant fair notice of the charges against him and was not jurisdictionally defective (*see* CPL 200.50 [7]; *People v Ray,* 71 NY2d 849, 850 [1988]; *People v Morris,* 61 NY2d 290, 293 [1984]; *People v Iannone,* 45 NY2d 589, 594-595 [1978]; *People v Dudley,* 289 AD2d 503, 503-504 [2001]; *People v Laporte,* 184 AD2d 803, 804 [1992]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions are without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.