■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ROBINSON, Appellant. — Appeals by defendant from (1) a judgment of the County Court, Nassau County (Goodman, J.), rendered August 30, 1983, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court (Collins, J.), also rendered August 30, 1983, convicting him of a violation of the conditions of his

probation, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought the suppression of certain statements (Boklan, J.). ¶ Judgment and amended judgment reversed, on the law and the facts and as a matter of discretion in the interest of justice, pleas vacated, the above-noted branch of defendant's pretrial motion is granted, defendant's statements are suppressed, and the matters are remitted to the County Court, Nassau County, for further proceedings. ¶ Defendant pleaded guilty to the charges herein after that branch of his motion which sought to suppress his statements was denied. On appeal, he questions the propriety of the hearing court's ruling, claiming that he was unlawfully detained and that the hearing court should not have reopened the hearing after both sides had rested. ¶ Defendant was held overnight in a cell at police headquarters on a charge of possession of fireworks. At the time that he and his companions were initially detained by the police, a yellow nylon bag containing watches and jewelry was found. The following morning, defendant was arraigned on the fireworks' possession charge, and released on his own recognizance. The police brought him back to headquarters following arraignment. No police officer was able to recall whether defendant was ever told he could leave. ¶ While defendant was in the detention area, Detective Thomas Sofield saw him and, thinking he was still under arrest, asked him if he would like to discuss the contents of the yellow bag. Defendant agreed and, after receiving his *Miranda* rights, orally confessed to committing a burglary. At approximately 11:35 A.M., he was placed under arrest and his oral confession was then reduced to writing. Detective Sofield testified at the hearing that prior to speaking to defendant he had been unable to contact a complainant from whom he thought the property in the yellow bag may have been stolen. ¶ Twelve days after both sides rested and on the day briefs were due, the People moved to reopen the hearing so as to permit them to introduce statements of two of defendant's companions to the effect that they saw him with the yellow bag and saw him asking if anyone wanted to buy a watch. Those statements were taken the night of the arrest and Detective Sofield had known of them before he questioned defendant. Thus, they were intended to demonstrate that at the time the detective approached defendant there was probable cause for an arrest. The court granted the motion over strenuous objection by defense counsel and thereafter denied the motion, *inter alia,* to suppress defendant's statements. While it found that defendant was in custody when he was approached by Detective Sofield, it concluded that the detective had probable cause to arrest defendant at that point. For the reasons that follow, we reverse. ¶ As the County Court found, defendant's detention was continued after he was ordered released on his own recognizance. There were no grounds, however, for defendant's continued detention. Detective Sofield had been unable to find a specific list of property taken in a burglary which matched those in the bag, and his belief that the items in the bag were stolen amounted to nothing more than mere suspicion. The statements of defendant's companions that he was seen with the bag did not, standing alone, give the detective probable cause to arrest even if the statements were properly admitted into evidence. On the prior evening, defendant had denied any knowledge of the bag, but the detective was unaware of defendant's denials the following morning when he placed defendant under arrest. Indeed, Detective Sofield had no more cause to arrest defendant at 11:35 A.M. than the police had had the night before. ¶ In any event, the court abused its discretion in reopening the hearing. The People claim that the reopening was proper because the court improperly sustained defendant's initial objection to testimony regarding the companions' statements. However, the court later reversed itself and expressly invited the

People to introduce anything further on the issue of probable cause with respect to the burglary. The People declined and then rested. It was not until 12 days after the hearing was concluded that the People moved to reopen in order to enable them to place into evidence the two statements by defendant's companions. The reopening of the hearing was improper. The People concede that there is no authority for such action. The record indicates that there were no extraordinary or extenuating circumstances which would have warranted it. The People were given every opportunity to present their evidence at the original hearing and there is no basis to justify their being provided with a second bite of the apple. The People failed to demonstrate the reasonableness of the police action, and, consequently, the statements made by defendant must be suppressed. ¶ As the People concede, reversal of the burglary conviction requires that the violation of probation conviction also be reversed because the burglary conviction was the predicate for the probation violation (*People v Clark,* 45 NY2d 432). Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.