■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRAN BROUGHTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 13, 1987, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Matthews, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence seized by the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dis-

missed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the first suppression hearing, the prosecutor, before he rested, failed to elicit any evidence that the arresting police officer's street encounter with the defendant was justified at its inception. After both sides had rested, the prosecutor moved to reopen the hearing to cure this defect by introducing testimony that an identified resident of the housing project where the crime occurred had informed the arresting officer that the defendant had a gun in his bag. Over a month later, the hearing was reopened to elicit that testimony. The People concede that the reopening of the hearing was improper. They were given every opportunity to present the evidence in question at the original hearing. Their failure to present evidence of probable cause was not based upon an erroneous judicial ruling, and there is no basis to justify providing them with a second bite of the apple *(see, People v Robinson,* 100 AD2d 945; *People v Sanders,* 79 AD2d 688; *see also, People v Crandall,* 69 NY2d 459, 464; *People v Havelka,* 45 NY2d 636, 643). Since the People failed to demonstrate the reasonableness of the police action at the initial hearing, the sawed-off shotgun must be suppressed *(see, People v Wilkerson,* 64 NY2d 749, 750).

The People's argument that the defendant lacks standing to contest the lawfulness of the search and seizure of the cloth bag containing the sawed-off shotgun was withdrawn by them in the Supreme Court, Queens County, and therefore any issue of law with respect thereto has not been preserved for appellate review *(see, People v Stith,* 69 NY2d 313, 320; *People v Cofresi,* 60 NY2d 728, 730; *People v Kern,* 149 AD2d 187). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.