OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion granted to the extent of suppressing the arresting officer’s testimony concerning defendant’s postarrest conduct, and the indictment dismissed.
Defendant was arrested during the course of an investigation of illegal gambling activities allegedly being conducted in *954 room 406 of a New York City office building. It is now undisputed that defendant’s arrest in the hallway outside the room was unlawful and that the police officers subsequently executed a valid search warrant. In defendant’s omnibus motion, he sought to suppress all tangible evidence, statements and other evidence "flowing from” his unlawful arrest and he requested a hearing pursuant to Dunaway v New York (442 US 200). Without holding a hearing, Supreme Court denied the motion on the ground that the search warrant was validly executed. At the bench trial, a jacket recovered from room 406 was admitted into evidence. Additionally, the arresting officer testified that after defendant’s arrest in the hallway he was brought back to room 406, that he was instructed to sit down, that defendant sat down in an empty chair with a jacket hanging on the back of it and that defendant picked up the jacket and put it on when the police officers and the codefendants exited the room. Defendant was convicted of promoting gambling in the first degree, possession of gambling records in the first degree, and possession of a gambling device. A divided panel of the Appellate Division affirmed the conviction, holding that "the testimony about the jacket, resulted solely from the execution of a search warrant, whose validity defendant does not contest” (People v Rossi, 177 AD2d 303, 306).
While the jacket was properly admitted in evidence as the product of the warrant execution (see, People v Arnau, 58 NY2d 27, 32-35), the jacket has no incriminating value against defendant absent evidence connecting defendant to it. The necessary connecting evidence was supplied by the arresting officer’s testimony concerning defendant’s conduct upon his concededly unlawful arrest and asportation to room 406. This should have been suppressed as it resulted, not from the lawful execution of a valid search warrant, but from defendant’s wrongful arrest (see, Wong Sun v United States, 371 US 471, 485-486). Accordingly, defendant’s suppression motion should have been granted in part. Because this testimony was the only evidence connecting defendant with the jacket, and the jacket was the only direct link between defendant and the gambling activities, the indictment should have been dismissed.
In view of our disposition, we do not decide defendant’s remaining contention.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, *955 Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order reversed, etc.