■ In the Matter of JAMES J., a Person Alleged to be a Juvenile Delinquent, Appellant. [617 NYS2d 374] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated July 2, 1992, which, upon a fact-finding order of the same court, also dated July 2, 1992, after a hearing, made a finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent and granted him a conditional discharge. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The court's ruling that there was an independent source for the complainant's in-court identification of the appellant as his attacker was amply supported by the testimony adduced during the first part of the Wade hearing. During his initial testimony the complainant testified to his ability to closely observe and describe his attacker independently of an allegedly suggestive, police-controlled "show-up" procedure which occurred some two days after the crime. We therefore conclude that the court did not err when, during a continuation of the Wade hearing, it recalled the complainant to testify in greater detail to his observations of the perpetrator during the commission of the crime (cf., People v Robinson, 100 AD2d

945). Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.