OPINION OF THE COURT
Dennis F. Bender, J.
The above-named defendant moved this court by way of an omnibus motion for various forms of relief. Most were addressed and resolved on the record on September 30, 1997, and at that time a Huntley hearing was scheduled for October 27, *658 1997. The defendant was further afforded the opportunity to submit a supplemental affidavit regarding his claim that no probable cause existed for his arrest. If received, it was ordered that the October 27th hearing would address that issue as well. The affidavit was prepared and submitted.
At the hearing, the People presented evidence from the arresting officer regarding his initial observations of the defendant, and all that transpired between that point and the time of arrest, including testimony regarding statements made by the defendant. The People rested, the defense offered no evidence, and the court made findings and ruled from the Bench denying suppression. The case then took an interesting twist.
Upon the court’s ruling, counsel for the defendant pointed out a statement was taken from the defendant at the Sheriff’s Department, and subsequent to arrest. No evidence having been presented regarding that statement, counsel sought suppression. The court was surprised, being unaware of the latter statement.* The Assistant District Attorney presenting the matter was surprised, stating she understood the hearing was only about probable cause. She then moved to reopen the hearing. In the interest of economy of time, this court, over defense counsel’s objection, reopened the hearing, and deferred ruling on whether or not the additional testimony would be considered.
The arresting officer was then put back on the stand for further testimony. The defendant asked no questions of him, and offered no testimony.
In the first instance it is obvious that no legitimate reason for the Assistant District Attorney’s misconception existed. While the moving papers and the supplemental affidavit were somewhat confusing, the court on July 30, 1997, specifically stated in oral argument that a Huntley hearing would be held, and that a probable cause hearing would also be held if the forthcoming supplemental affidavit was sufficient. The Assistant District Attorney’s belief that only a probable cause hearing was to be held was apparently due to a lack of communication or miscommunication between her and the District Attorney, who had appeared for oral argument on September 30, 1997.
Secondly, it is noted that the general rule in New York is that once afforded a full opportunity to present evidence at a *659 suppression hearing, the People will not be given a further opportunity to do so. (People v Bryant, 37 NY2d 208; People v Lopez, 206 AD2d 894.) In keeping with this principle, it has been held that only if the People have been deprived of the opportunity to offer critical evidence as a result of error of law by the hearing court, or actions of the defendant, is it proper to reopen a hearing. (People v Havelka, 45 NY2d 636; People v Broughton, 163 AD2d 404; People v Lathrop, 127 AD2d 1003.) Stated more colorfully, once given "every opportunity to present their evidence at the original hearing * * * there is no basis to justify [the People] being provided with a second bite of the apple.” (People v Robinson, 100 AD2d 945, 947.)
I do not, however, find the foregoing to be dispositive in the within matter. As also stated by the Court of Appeals in People v Havelka (supra, at 642):
"It is the purpose of the rule, rather than the rule itself, to which we are ultimately bound.
"The courts must take particular care that precedents creating procedures do not sweep too broadly. It is all too easy to adhere blindly to a procedure, forgetting its purpose.”
What is that purpose? To prevent a defendant "having prevailed at the hearing [from being] haunted by the specter of renewed proceedings.” (People v Havelka, supra, at 643.) Here, however, there are no ghosts, and application of the rule would place form over substance. Simply put, this case is distinguishable from those in which reopening was precluded. The application to reopen was immediate, as was the presentation of the evidence. The defendant, who obviously expected the post-arrest statements to be addressed at the hearing, clearly suffered no prejudice.
Having determined that reopening of the case was appropriate, this court now finds as follows.
The only witness who testified was Robert W. Jensen, Jr., the arresting officer, who the court finds to have been credible. Upon the defendant’s arrest, he was taken to the Sheriff’s Department substation, and advised of his Miranda rights, the same being read verbatim from a sheet offered and received as People’s exhibit 1. The defendant stated he understood his rights and agreed to waive the same and speak to the officers. Such was reduced to writing. The defendant thereafter was questioned. There is no indication that the defendant was under any coercion or duress. Indeed, the written waiver which was signed lends to a contrary conclusion. Based upon all the *660 foregoing, it is the finding of this court, to the required quantum of proof, that the defendant was properly advised of his rights and he freely and voluntarily waived them, and that the motion to suppress should be denied.
This court further was requested to review the Grand Jury minutes. Having done so, it is the determination of the court that sufficient evidence was presented to support the within indictment, and that the proceedings were not otherwise defective.

 The moving papers did not specify that statements were made both before and after arrest.