■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL RIDDICK, Appellant. [704 NYS2d 270] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered January 24, 1997, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Flug, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by him to law enforcement officials.

Ordered that the judgment is reversed, on the law, the second count of the indictment charging the defendant with robbery in the first degree, and the fifth count of the indictment, charging the defendant with criminal possession of a weapon in the fourth degree, are dismissed, and a new trial is ordered on the remaining counts, to be preceded by an independent source hearing.

At 2:30 A.M. on October 9, 1995, the arresting officer received a radio transmission reporting an armed robbery by four black men, one of whom was wearing a black jacket, at 104th Street and 32nd Avenue. Ten to 15 minutes later, at 107th Street and 37th Avenue, the officer observed the defendant, a black man who was wearing a black jacket, standing on a corner. The officer exited his unmarked vehicle, with his gun unholstered at his side, identified himself as a police officer, and said "Police, let me see your hands", or "Police, don't move, let me see your hands".

The conduct of the police officer in directing the defendant to stop and show his hands constituted a significant limitation on the defendant's freedom (*see, People v Boodle,* 47 NY2d 398; *see generally, People v Bora,* 83 NY2d 531), which was not justified by the vague description of a black man wearing a black jacket. Accordingly, the weapon, the statements made by defendant, and the showup identification by the complainant must be suppressed (*see, People v Madera,* 82 NY2d 775).

As the People correctly concede, the evidence in the record is legally insufficient to establish the defendant's guilt of robbery in the first degree under the second count of the indictment, and criminal possession of a weapon in the fourth degree under

the fifth count of the indictment (*see, e.g., People v Wasson*, 266 AD2d 701). Accordingly, those counts of the indictment are dismissed.

Since no evidence was presented at the suppression hearing of an independent source for the complainant's in-court identification testimony, the new trial on the remaining counts is to be preceded by an independent source hearing (*see, People v Gethers,* 86 NY2d 159, 163; *People v Matthews,* 257 AD2d 635).

The defendant's remaining contentions are without merit (*see, People v Wilder,* 93 NY2d 352), or need not be addressed in light of our determination. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.