■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON HARGROVES, Appellant. [745 NYS2d 579] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 26, 2000, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The police lacked reasonable suspicion to stop and detain a group of young black males, including the defendant, on the basis of the complainant's report that he had been beaten and robbed by a "group of male blacks," one of whom, the codefendant Lavar Hargroves, was wearing an orange coat or jacket.

Even if the jacket worn by one member of the group that included the defendant can be considered orange rather than red and blue, this general description was not sufficient to permit the police to detain and then exhibit the defendant, among others, to the complainant. We further note that the group was walking towards the crime scene and did not flee when stopped by the police. Thus, the police lacked reasonable suspicion to stop and detain the defendant and the hearing court should have granted that branch of the omnibus motion which was to suppress the identification testimony (*see People v Gethers,* 86 NY2d 159, 162; *People v Dubinsky,* 289 AD2d 415, 416; *People v Riddick,* 269 AD2d 471; *People v Yiu C. Choy,* 173 AD2d 883, 884).

Under the particular circumstances of this case, including the fact that at the trial the complainant was unable to identify either the defendant or any of the codefendants as his assailants, we are constrained to dismiss the indictment (*see People v Rossi,* 80 NY2d 952, 954; *People v Folk,* 284 AD2d 476, 477; *cf. People v Perkins,* 189 AD2d 830, 833).

In light of this determination, we need not reach the defendant's remaining contentions. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.