■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY THOMAS, Appellant. [752 NYS2d 70] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 2, 2001, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O., at hearing; Grosso, J., on the motion), of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statement to law enforcement officials.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress identification testimony, his statements to law enforcement officials, and physical evidence are granted to the extent indicated herein, and a new trial is ordered.

We agree with the defendant's contention that the police lacked reasonable suspicion to forceably detain him in connection with the armed robbery for which he was arrested (see People v Riddick, 269 AD2d 471). The vague and general description of a black male wearing black clothing was insufficient to provide reasonable suspicion that he was the perpetrator (see People v Dubinsky, 289 AD2d 415).

When the defendant was apprehended after the robbery, ostensibly standing on line waiting to purchase a sweater in a Stern's department store several blocks from the crime scene, he was wearing dark blue clothing (see People v Hargroves, 296 AD2d 581). There was no evidence that the defendant was out of breath, engaged in any suspicious behavior, or made any attempt to flee (cf. People v Ellison, 222 AD2d 693). Neither the assertion that he was reportedly "looking back and forth" inside the store, nor the claim that he was wet from the rain, indicated that he was the perpetrator. There was no testimony whether any other people inside the store were wet or dry. That the defendant was wet suggested that he had recently been outside, but did not implicate him in any criminality.

As the defendant's arrest was unlawful, the statement he made to police inside the store, the complainant's on-the-scene showup identification, and the physical evidence seized from him incident thereto under vouchers numbered K 070555, K 070556, and K 070557, must be suppressed (see People v Gethers, 86 NY2d 159, 162). However, the evidence recovered by police at other locations, including the .38 caliber revolver, the

$970 in currency, and the two watches, need not be suppressed, as these items were not recovered incident to the arrest.

The defendant's remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.