■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY RIDLEY, Appellant. [761 NYS2d 871] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 26, 2000, convicting him of robbery in the second degree, upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The police lacked reasonable suspicion to stop and detain the defendant for the purpose of a showup identification (*see People v Riddick,* 269 AD2d 471 [2000]). Thus, the hearing court should have granted that branch of the defendant's omnibus motion which was to suppress identification testimony (*see People v Hargroves,* 296 AD2d 581 [2002]; *People v Gethers,* 86 NY2d 159, 162 [1995]; *People v Dubinsky,* 289 AD2d 415, 416 [2001]; *People v Yiu C. Choy,* 173 AD2d 883, 884 [1991]).

Under the particular circumstances of this case, including the fact that at the trial the complainant was unable to identify either the defendant or any of the codefendants as his assailants, we are constrained to dismiss the indictment (*see People v Rossi,* 80 NY2d 952, 954 [1992]; *People v Hargroves,* 296 AD2d 581 [2002]; *People v Hargroves,* 296 AD2d 582 [2002]; *People v Strickland,* 296 AD2d 584 [2002]; *People v Wright,* 296 AD2d 585 [2002]; *People v Hargroves,* 303 AD2d 766 [2003]).

In light of this determination, we need not reach the defendant's remaining contentions. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.