■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN W., Appellant. [935 NYS2d 660]—

The defendant was accused of criminal possession of a weapon in the second degree and resisting arrest. A hearing was held on the defendant's omnibus motion, inter alia, to suppress physical evidence. At the hearing, the People offered the testimony of, among others, one of the police officers involved in the incident, but not the other police officer involved in the incident. Following the hearing, the Judicial Hearing Officer (hereinafter the JHO) issued a report recommending, among other things, that the branch of the defendant's omnibus motion which was to suppress physical evidence be granted. The Supreme Court (Aloise, J.), inter alia, adopted the JHO's report and granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Thereafter, the People moved to reargue the suppression motion. Although the People's motion did not seek to reopen the hearing, the Supreme Court, over the defendant's objection, directed that the hearing be reopened so as to permit the People to present the testimony of the second police officer involved in the incident. Following the reopened hearing, the JHO issued a report recommending that the branch of the defendant's omnibus motion which was to suppress physical evidence be denied. The Supreme Court (Aloise, J.), inter alia, adopted the JHO's report and denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the second degree and resisting arrest. The defendant appeals from the judgment of conviction. We reverse.

The Supreme Court erred in reopening the suppression hearing, as "[t]he People were given every opportunity to present their evidence at the original hearing and there is no basis to justify their being provided with a second bite of the apple" (*People v Robinson*, 100 AD2d 945, 947 [1984]; *see People v*

*Havelka*, 45 NY2d 636 [1978]; *People v Broughton*, 163 AD2d 404, 405 [1990]). Based upon our review of the record, we conclude that, in ruling upon the People's motion for reargument, the Supreme Court, instead of reopening the suppression hearing, should have granted reargument and, upon reargument, adhered to the initial suppression order. In the initial suppression order, contrary to the People's contention, the Supreme Court correctly determined that the police lacked reasonable suspicion to stop the defendant. Consequently, the physical evidence should have been suppressed, and, since, without that evidence, there could not be sufficient evidence to prove the defendant's guilt of criminal possession of a weapon in the second degree, that count of the indictment charging that offense must be dismissed (*see People v Rossi*, 80 NY2d 952 [1992]; *People v Smalls*, 83 AD3d 1103 [2011]).

In addition, under the circumstances of this case, the count of the indictment charging resisting arrest must also be dismissed. The Supreme Court's initial suppression order determined that the police lacked reasonable suspicion to stop the defendant and, thus, necessarily determined that there was no probable cause to arrest the defendant and that there was not an "authorized arrest" (Penal Law § 205.30), which are essential elements of the crime of resisting arrest.

In light of our determination, the defendant's remaining contention need not be addressed. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.