■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POLHILL, Appellant. [958 NYS2d 762]—

Appeal by the defendant from a judgment of Supreme Court, Queens County (Buchter, J.), rendered January 27, 2010, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a videotaped statement made by him to law enforcement authorities, and identification evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress a videotaped statement made by him to law enforcement authorities is granted, and a new trial is ordered.

The defendant moved to suppress a videotaped statement made by him to an assistant district attorney during the course of an interview conducted prior to the defendant's arraignment, pursuant to a program instituted by the Queens County District Attorney's office. In accordance with that program, a script formulated by the Queens County District Attorney's office was read to the defendant prior to administering *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), and obtaining a waiver of the defendant's rights. Because this procedure was not effective to secure the defendant's fundamental constitutional privilege against self-incrimination and right to counsel, the defendant's videotaped statement should have been suppressed (*see People v Dunbar*, — AD3d —, 2013 NY Slip Op 00505 [2013] [decided herewith]).

The Supreme Court also should have suppressed the identification evidence because the police lacked reasonable suspicion to stop and detain the defendant on the street. The radio broadcast of a robbery in progress described the perpetrators as two black males wearing black jackets, one of whom was wearing blue jeans and one of whom was wearing black jeans. When responding police officers spoke with the complainant, however, the complainant merely described the perpetrators as "wearing dark clothing," one taller than the other, and one with a hood. These descriptions of the perpetrators did not provide the police with reasonable suspicion to stop and detain the defendant, who was dressed in a dark gray and dark green camouflage jacket and was standing alone, outside a liquor store, 20 blocks away from the crime scene. In this respect, the defendant's appearance did not match the description broadcast on the radio, and the complainant's description was too vague and general to supply reasonable suspicion to stop and detain the defendant (*see People v Stewart*, 41 NY2d 65, 69 [1976]; *People v Dubinsky*, 289 AD2d 415, 416 [2001]; *People v Riddick*, 269 AD2d 471 [2000]; *People v Yiu C. Choy*, 173 AD2d 883 [1991]; *People v Dawkins*, 163 AD2d 322, 324 [1990]). Nor did the other facts identified by the People supply reasonable suspicion to stop him. Accordingly, that branch of the defendant's omnibus motion which was to suppress the identification evidence should have been granted (*see People v Ridley*, 307 AD2d 269 [2003]; *People v Thomas*, 300 AD2d 416 [2002]; *People v Dubinsky*, 289 AD2d at 416; *People v Riddick*, 269 AD2d 471 [2000]; *People v Yiu C. Choy*, 173 AD2d 883 [1991]).

These errors were not harmless beyond a reasonable doubt, since the evidence of the defendant's guilt, without reference to the errors, was not overwhelming, and there was a reasonable

possibility that the errors might have contributed to the defendant's conviction (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]; *see People v Schaeffer*, 56 NY2d 448, 454 [1982]; *People v Dunbar*, — AD3d —, 2013 NY Slip Op 00505 [2013] [decided herewith]; *People v Harris*, 93 AD3d 58, 71 [2012], *affd* 20 NY3d 912 [2012]).

The defendant's remaining contention is without merit. Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.