■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD THORNTON, Appellant. [962 NYS2d 627]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered April 20, 2010, convicting him of murder in the first degree and conspiracy in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see

*People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by the Supreme Court's admission of certain evidence relating to his involvement in several fraudulent real estate transactions is without merit. The victim in this case, an attorney, had represented the defendant in connection with the subject real estate transactions, and had made restitution agreements on the defendant's behalf with certain parties involved in the transactions. Under the circumstances of this case, the evidence was admissible to establish the defendant's motive and to complete the narrative of events surrounding the charged crimes (*see People v Molineux*, 168 NY 264 [1901]; *People v Holden*, 82 AD3d 1007, 1008 [2011]; *People v Pinero*, 270 AD2d 212 [2000]).

The defendant's contention that the prosecutor improperly elicited testimony that the defendant had invoked his right to remain silent after receiving his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Loaiza*, 201 AD2d 587, 587-588 [1994]). In any event, while we agree that this testimony was improperly elicited, the error was harmless beyond a reasonable doubt, since the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to his conviction (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Davis*, 223 AD2d 652, 653 [1996]; *People v Loaiza*, 201 AD2d at 588; *cf. People v Polhill*, 102 AD3d 988, 989 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

The defendant's remaining contention is without merit. Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.