*755 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered August 12, 2010, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), and menacing in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 25 years followed by a period of five years of postrelease supervision on the conviction of attempted murder in the second degree, to run consecutively with sentence imposed upon the conviction of murder in the second degree and concurrently with the sentences imposed upon the convictions on all other counts, determinate terms of imprisonment of 15 years followed by a period of five years of postrelease supervision on the convictions of criminal possession of a weapon in the second degree, to run concurrently with the sentences imposed upon the convictions of all other counts, and a definite term of imprisonment of one year on the conviction of menacing in the second degree, to run concurrently with the sentences imposed upon the convictions of all other counts. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
Although the hearing court erred in denying the defendant’s motion to suppress a lineup identification, the error in admitting the evidence was harmless because the other evidence of the defendant’s guilt, including the identification testimony of two eyewitnesses who were not present at the lineup identification, was overwhelming, and there is no reasonable possibility that the error might have contributed to his conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Smith, 22 AD3d 510 [2005]; cf. People v Polhill, 102 AD3d 988, 989 [2013]).
The trial court properly refused to allow the defendant to introduce extrinsic evidence on a collateral matter to impeach the credibility of a witness, as that witness was not the source of the evidence sought to be introduced (see People v Clarkson, 78 AD3d 1573, 1574 [2010]; cf. People v Mullings, 83 AD3d 871 [2011]).
*756 “An indictment is duplicitous when a single count charges more than one offense” (People v Alonzo, 16 NY3d 267, 269 [2011]). In contrast, an indictment is multiplicitous “when a single offense is charged in more than one count” (id. at 269) Here, the murder and attempted murder counts of the indictment were not multiplicitous (see People v Kindlon, 217 AD2d 793, 794-795 [1995]). Furthermore, the defendant’s contention that the evidence at trial impermissibly resulted in his conviction on duplicitous counts is unpreserved for appellate review, as no objection was made by the defendant’s counsel on this issue (see CPL 470.05 [2]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.
The sentence imposed was excessive to the extent indicated herein.
Eng, PJ., Dickerson, Hall and Lott, JJ., concur.