■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO MIRANDA-HERNANDEZ, Appellant. [964 NYS2d 638]—

Appeal by the defendant from a judgment of Supreme Court, Queens County (Zayas, J.), rendered August 22, 2011, convicting him of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress a gun and a quantity of cocaine recovered from a vehicle occupied by the defendant, and money recovered from his wallet.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress the gun and the quantity of cocaine recovered from the vehicle occupied by the defendant, and the money recovered from his wallet is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At a suppression hearing, a New York City Police Department detective testified that as of November 2009, he was deputized to work as a member of an ad hoc task force of the Federal Bureau of Investigation (hereinafter FBI). The detective testified that on November 11, 2009, an FBI special agent informed him that the defendant, who was wanted on a probation violation warrant issued in Virginia Beach, Virginia, could be found in a white Honda with a Virginia license plate starting with the letters XSX in the area of Queens Boulevard near the 59th Street Bridge at about 5:30 p.m. Upon receiving this information and a photograph of the defendant from the special agent, the detective looked up the reported probation violation warrant on E-Justice, a "program to look up raps and warrants." The program indicated that the defendant had a "warrant stating that they would extradite south of the Rockies to Virginia

Beach." The detective printed out the information displayed on his computer screen, and went to the location. When he arrived, the detective saw a white Honda with a Virginia license plate starting with the letters XSX parked at the side of a gas station, with a male and a female sitting inside. The detective testified that he approached the car, asked the defendant to exit the vehicle, and after confirming the defendant's identity, arrested the defendant "because of the violation of the probation, the out-of-state warrant." The police subsequently discovered a gun and a quantity of cocaine in a bag that was inside of the car, and $850 in the defendant's wallet.

After the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the gun, the cocaine, and the money in the defendant's wallet, the defendant was convicted, following a jury trial, of criminal possession of a weapon in the second degree and two counts of criminal possession of a controlled substance in the third degree.

The Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the gun, cocaine, and money in the defendant's wallet. The detective had no authority to arrest the defendant based on his information that there was an out-of-state violation of probation warrant, as the detective did not obtain a warrant from a local criminal court pursuant to CPL 570.32. While CPL 570.34 provides that a police officer may also arrest a person in this state without a warrant "upon reasonable information that the accused stands charged in the courts of another state with a *crime* punishable by death or imprisonment for a term exceeding one year" (CPL 570.34 [emphasis added]), a violation of probation is not a "crime" (*see* Penal Law § 10.00 [6]; CPL 1.20; *Matter of Darvin M. v Jacobs*, 69 NY2d 957, 959 [1987]; *see also Carchman v Nash*, 473 US 716, 725 [1985]). The gun, cocaine, and money in the defendant's wallet should have been suppressed as fruit of the unlawful arrest (*see Wong Sun v United States*, 371 US 471, 488 [1963]; *People v Jennings*, 54 NY2d 518, 522 [1981]). Without that evidence, there could not be sufficient evidence to prove the defendant's guilt, and the indictment must therefore be dismissed (*see People v Carmichael*, 92 AD3d 687, 688 [2012]; *People v Kevin W.*, 91 AD3d 676, 678 [2012]).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.