■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARINDAT JAGDHARRY, Appellant. [987 NYS2d 91]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 14, 2010, convicting him of rape in the second degree (three counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court imposed February 6, 2012.

Ordered that the appeal from so much of the judgment as

imposed the sentence is dismissed, as that portion of the judgment was superseded by the amended sentence; and it is further,

Ordered that the judgment is reversed, on the law, the amended sentence is vacated, count 10 of the indictment charging rape in the second degree is dismissed insofar as it is asserted against the defendant, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the charges of rape in the second degree as charged in counts 9 and 12 of the indictment and on the charges of endangering the welfare of a child; and it is further,

Ordered that the appeal from the amended sentence is dismissed as academic in light of our determination on the appeal from the judgment.

The 23-count indictment alleged that, on October 15, 2005, the defendant and a codefendant, then 20 and 21 years old, respectively, inter alia, each engaged in sexual intercourse with the complainant, who was 14 years old at that time. Count 9 of the indictment charged the defendant and the codefendant, acting in concert, with rape in the second degree based on the acts of the codefendant (Penal Law §§ 20.00, 130.30 [1]). Count 10 charged the defendant and the codefendant, acting in concert, with rape in the second degree based on the acts of the defendant (Penal Law §§ 20.00, 130.30 [1]). Count 12 charged the defendant with rape in the second degree based on his own acts (Penal Law § 130.30 [1]). The defendant was tried alone, and a jury found him guilty of all three of the counts of rape in the second degree, as well as two counts of endangering the welfare of a minor (Penal Law § 260.10 [1]).

Contrary to the People's contention, the defendant preserved for appellate review his claim that the counts of rape in the second degree, as charged in count 12, and as charged against him in count 10, were multiplicitous. Although trial counsel used the word "duplicitous" when arguing that count 10 should be dismissed, it is apparent from the substance of his arguments and their context that he meant "multiplicitous." An indictment is multiplicitous when a single offense is charged in more than one count (*see People v Alonzo*, 16 NY3d 267, 269 [2011]; *People v Allen*, 105 AD3d 754, 756 [2013], *lv granted* 21 NY3d 1013 [2013]; *People v Smalls*, 81 AD3d 860, 861 [2011]; *People v Senisi*, 196 AD2d 376 [1994]). Here, counts 10 and 12 charged the defendant with the same offense, as both counts were based on the same act of sexual intercourse by the defendant. Accordingly, the Supreme Court should have dismissed, as multiplicitous, count 10 insofar as alleged against the defendant (*see People v Alonzo*, 16 NY3d at 270-271).

The defendant contends that the evidence was legally insufficient to establish his guilt of rape in the second degree, as charged in count 9, and that the verdict of guilt on that count was against the weight of the credible evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of rape in the second degree, as charged in count nine of the indictment, beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, a new trial is required because of an error in the Supreme Court's charge to the jury. All the elements of an indicted crime which are not conceded by a defendant or defendant's counsel must be charged to the jury, as each fundamental fact is for the jury to pass upon (*see People v Flynn*, 79 NY2d 879, 881 [1992]; *People v Lewis*, 64 NY2d 1031, 1032 [1985]; *People v Walker*, 198 NY 329, 334 [1910]). Furthermore, CPL 300.10 imposes upon the trial court in a criminal case a mandatory duty to deliver a charge to the jury that specifically designates the counts and offenses contained and charged in the indictment that the jury is to consider, and to define each offense so submitted and instruct the jury to render a verdict separately and specifically upon each count submitted to it (*see* CPL 300.10 [4]).

Here, before instructing the jurors on the specific elements of the offenses charged, the Supreme Court explained the theory of acting in concert and, consistent with the pattern Criminal Jury Instructions, stated that, while their verdict on each count had to be unanimous, they "need not be unanimous on whether the defendant committed the crime personally or by acting in concert or both" (*see* CJI2d [NY] Accessorial Liability; *see also* Penal Law § 20.00). When the Supreme Court reached that part of its charge in which it would instruct on the specific elements of the offenses, the court first told the jurors that they would receive a verdict sheet that detailed each of the counts that was being charged against the defendant. The court then instructed the jurors on the specific statutory elements of each offense.

Where multiple counts were based on the same statute, the court bundled those counts together and gave the jurors one instruction defining the crime. Thus, for example, when the court instructed the jury on rape in the second degree, it told them that counts 7, 8, and 9 on the verdict sheet charged rape in the second degree. It then defined the statutory elements of that crime and instructed the jurors that if they found that the People had proved beyond a reasonable doubt "each of these elements with respect to each of the 7, 8, and 9 counts you must find the defendant guilty of the crime of Rape in the Second Degree as charged in each of the 7, 8, and 9 counts." The court, however, never defined the counts separately or otherwise explained how the counts differed from one another. Moreover, when the court instructed the jurors on the element of sexual intercourse, it told them that they must find that the defendant "personally or acting in concert with another person engaged in sexual intercourse with [the complainant]."

We agree with the defendant that the charge, as given, suggested that if the jury found the defendant guilty of any one of the subject counts, it should find him guilty of all three counts. Furthermore, because the court's charge failed to define the counts in a way that would distinguish them from one another, the jury could not have known which count was based on a finding that the defendant had engaged in sexual intercourse with the complainant and which count was based on accessorial liability and a finding that the codefendant had engaged in sexual intercourse with the complainant. Contrary to the People's contention, parenthetical notations on the verdict sheet cannot supplant a court's duty to charge the jury as required by CPL 300.10 (4). Since it is not possible to determine whether the jury here actually found that the defendant had himself engaged in sexual intercourse with the complainant or that he had acted as an accessory to the codefendant's sexual intercourse with the complainant, the defendant is entitled to a new trial on those charges (cf. *People v Damiano*, 87 NY2d 477, 482 [1996]; *People v Flynn*, 79 NY2d at 882; *People v Lewis*, 64 NY2d at 1032; *People v Walker*, 198 NY at 335).

In addition, count 21 of the indictment charged the defendant and the codefendant, acting in concert, with endangering the welfare of a child, and count 23 of the indictment charged the defendant alone with endangering the welfare of a child. Because the court's instruction on the crime of endangering the welfare of a child was flawed in the same way, the defendant is entitled to a new trial on those charges as well.

In light of our determination, we need not reach the defend-

ant's remaining contentions. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.