People v Thorpe (2020 NY Slip Op 02941)





People v Thorpe


2020 NY Slip Op 02941


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-02121
 (Ind. No. 18-00565)

[*1]The People of the State of New York, appellant,
v
Edgar Thorpe, respondent.


David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for appellant.
Gary Abramson, Goshen, NY (Dennis B. McCormick of counsel), for respondent.



DECISION & ORDER
Appeal by the People, as limited by their brief, from so much of an order of the County Court, Orange County (William L. DeProspo, J.), dated January 8, 2019, as, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements to law enforcement officials.
ORDERED that the order is affirmed insofar as appealed from.
The defendant was charged by indictment with burglary in the second degree, among other offenses. He subsequently moved, inter alia, to suppress physical evidence and certain statements to law enforcement officials. The evidence at a suppression hearing on the motion established that approximately one hour after receiving a report of a burglary at a residence, during which $5,500 in cash was stolen, Police Officer Thomas Buttner stopped the defendant on the street in the City of Newburgh. The defendant matched a description in a police dispatch of "a suspect in dark clothing." When Officer Buttner asked the defendant for identification, the defendant began to put one or both of his hands into his pants pockets, at which point Officer Buttner stopped the defendant and asked him to put his hands on his head. The officer observed bulges in both of the defendant's pants pockets, but did not discern the outline of any particular object. Officer Buttner then patted the outside of the defendant's clothing. Officer Buttner did not testify that he discerned any weapons during the pat down, stating, rather, that what he felt from the outside of the defendant's clothing "just felt like a bulge." Officer Buttner then put his hands in the defendant's pants pockets and pulled out a large amount of cash. The defendant was then arrested for burglary.
Based upon this evidence, in an order dated January 8, 2019, the County Court granted those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements to law enforcement officials.
We agree with the County Court's determination that, after Officer Buttner conducted the pat-down search for weapons and did not discern any object he believed to be a weapon, the further intrusion of removing the contents of the defendant's pants pockets was unlawful (see People v Clark, 213 AD2d 946, affd for reasons stated below 86 NY2d 824; People v Stewart, 41 NY2d 65, 69; People v Julien, 100 AD3d 925, 927).
Contrary to the People's further contention, Officer Buttner's search of the defendant's pants pockets was not justified by probable cause to believe that the defendant had committed the reported burglary. Probable cause exists when "an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (People v Maldonado, 86 NY2d 631, 635 [internal quotation marks omitted]; see People v Oglesby, 121 AD3d 818, 819). Here, the facts that the defendant was walking in the rain in the vicinity of the crime scene an hour after the crime was committed, wearing dark clothing, and that he had earlier turned and walked away from a marked police car, did not supply the requisite probable cause (see People v Bradshaw, 76 AD3d 566, affd 18 NY3d 257; see also People v Thomas, 300 AD2d 416). Moreover, the People's assertion on appeal that the defendant stated that he had $2,000 in his pocket before Officer Buttner searched his pants pockets is belied by the record.
Accordingly, we affirm the order insofar as appealed from.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court