People v Gomez (2022 NY Slip Op 03399)





People v Gomez


2022 NY Slip Op 03399


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2017-10760
2017-10763
2017-10765

[*1]The People of the State of New York, respondent,
v
Juan C. Gomez, appellant. (Appeal No. 1.)
The People, etc., respondent,
v
Stheven Rosado, appellant. (Appeal Nos. 2 and 3.)

(S.C.I. No. 10104/17, Ind. Nos. 331/16, 555/16)
 

Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Davon Dennis of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Queens County (John Latella, J.), all rendered May 18, 2017, convicting him of criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 10104/17, criminal possession of a controlled substance in the third degree under Indictment No. 331/16, and criminal possession of a weapon in the second degree under Indictment No. 555/16, upon his pleas of guilty, and imposing sentences. The appeal from the judgment convicting the defendant of criminal possession of a weapon in the second degree brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgments are reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, Indictment No. 555/16 is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50 with respect to that indictment, and for further proceedings on Superior Court Information No. 10104/17 and Indictment No. 331/16.
The defendant was charged with criminal possession of a weapon in the second degree after a police officer, who was investigating a fight and stabbing in the vicinity, stopped a taxi in which the defendant was a passenger and recovered a gun from him. The defendant was separately charged, based upon two different incidents, inter alia, with criminal possession of a controlled substance in the third and fifth degrees.
With respect to the weapon possession charge, in an omnibus motion, the defendant moved, inter alia, to suppress the physical evidence, asserting that the police officer lacked reasonable suspicion to stop the taxi. The Supreme Court denied that branch of the omnibus motion, [*2]and the defendant pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree. The defendant had, prior to the suppression hearing, pleaded guilty to criminal possession of a controlled substance in the third degree. As promised, the court imposed concurrent sentences for all three convictions. The defendant now appeals from the judgments.
"[A] vehicle stop in New York is legal 'when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime'" (People v Walls, 37 NY3d 987, 988, quoting People v Bushey, 29 NY3d 158, 164; see People v De Bour, 40 NY2d 210, 223).
Upon our evaluation of the totality of the circumstances in this case, we conclude that, at the time the police officer stopped the taxi in which the defendant was a passenger, the officer lacked reasonable suspicion to believe that the defendant had committed a crime. The stop was based merely on the report of an identified citizen, made 40 minutes after the fight had occurred, that the neighbor with whom she was talking to on the phone was presently observing the defendant getting into a black taxi on the block where the fight occurred. There was no evidence that the informant or the neighbor saw the fight, and the neighbor, who testified at the hearing, did not state that she knew that the defendant was involved in the fight. Indeed, the police officer who stopped the taxi admitted that, when he made the stop, he did not know whether the defendant was a victim, a perpetrator, or involved "in anything." Under these circumstances, the gun recovered by that officer upon the vehicle stop should have been suppressed (see People v Argyris, 24 NY3d 1138, 1141; People v Floyd, 171 AD3d 787, 789; People v Loper, 115 AD3d 875, 879), and Indictment No. 551/16 dismissed (see People v Rossi, 80 NY2d 952; People v Kevin W., 91 AD3d 676, 678, affd 22 NY3d 287).
The defendant correctly contends that the judgments relating to the drug cases also must be reversed inasmuch as his pleas of guilty in those cases were premised on the promise of sentences that would run concurrently with the sentence imposed on the weapon possession charge (see People v Williams, 17 NY3d 834, 836; People v Fuggazzatto, 62 NY2d 862, 863; People v Loper, 115 AD3d at 879-880). Accordingly, we reverse the judgments under Superior Court Information No. 10104/17 and Indictment No. 331/16, and remit the matter to the Supreme Court, Queens County, for further proceedings on those accusatory instruments.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court