■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD JEFFERSON, Appellant. [894 NYS2d 907]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered August 24, 2006, convicting him of arson in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gazzillo, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that a certain remark made to him by a detective prior to the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) constituted the functional equivalent of interrogation, thereby warranting suppression of his post-*Miranda* statement to the police. However, since the defendant failed to raise this specific argument at the *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]), it is unpreserved for appellate review (*see People v Nadal*, 57 AD3d 574, 575 [2008]; *People v Thompson*, 27 AD3d 495, 496 [2006]). In any event, the detective's remark was not the functional equivalent of interrogation, since it was not reasonably likely to elicit an incriminating response (*see Rhode Island v Innis*, 446 US 291, 301 [1980]; *People v Huffman*, 61 NY2d 795, 797 [1984]).

The defendant's contention that the evidence was legally insufficient to support his conviction of arson in the fifth degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Dillon, J.P., Miller, Eng and Roman, JJ., concur.