■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ZIEGLER, Appellant. [911 NYS2d 331]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; William A. Wetzel, J., at jury trial and sentence), rendered July 12, 2007, convicting defendant of criminal possession of a controlled substance in the fourth

degree, and sentencing him, as a second drug felony offender, to a term of 4½ years, unanimously affirmed.

The court properly denied defendant's motion to suppress his statements to the police. Defendant's statement at the scene of his arrest was spontaneous and not the product of interrogation or its functional equivalent. The officer's innocuous general comments about the case made on the way to the police car were not reasonably likely to elicit an incriminating response (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Lynes*, 49 NY2d 286, 294-295 [1980]). In any event, defendant's statement made to different officers at the precinct, approximately four hours later and after receiving *Miranda* warnings, was sufficiently attenuated from the earlier statement (*see People v White*, 10 NY3d 286, 291 [2008], *cert denied* 555 US —, 129 S Ct 221 [2008]; *People v Paulman*, 5 NY3d 122, 130-131 [2005]), and any error in receiving the pre-*Miranda* statement was harmless because it was merely cumulative to the post-*Miranda* statement (*see People v Sanders*, 56 NY2d 51, 66 [1982]).

Defendant has not established that two jury notes were substantive inquiries that required compliance with the procedures mandated by CPL 310.30 (*see People v O'Rama*, 78 NY2d 270 [1991]). Instead, these notes only necessitated the ministerial actions of sending certain exhibits into the jury room and informing the jury that an additional requested item was not in evidence (*see e.g. People v Johnson*, 46 AD3d 415, 416-417 [2007], *lv denied* 10 NY3d 812 [2008]). Neither note can be reasonably interpreted as calling for a readback of testimony, and there were no ambiguities requiring the court to make inquiries of the jury or take input from counsel.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.