■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE I. JACKSON, Appellant. [55 NYS3d 338]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 8, 2011, convicting him of burglary in the first degree (four counts), robbery in the first degree (three counts), assault in the first degree (three counts), assault in the second degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child, upon a jury verdict, and

imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police. The defendant's statements, which were made at the police precinct, were spontaneous and not the result of interrogation or its functional equivalent. A detective merely introduced himself, an act that was not reasonably likely to elicit an incriminating response (see People v Rivers, 56 NY2d 476, 480 [1982]; People v Ziegler, 78 AD3d 545 [2010]; People v Jefferson, 71 AD3d 694 [2010]).

At the trial, the County Court providently exercised its discretion in qualifying an individual as an expert in the field of "primer examiner gunshot residue analysis" based on her academic training and experience (see People v Battease, 124 AD2d 807, 809 [1986]; People v Donaldson, 107 AD2d 758, 759 [1985]). The court also providently exercised its discretion in giving an expanded readback of the testimony of a police detective in order to provide a complete response to the jury's inquiry (see People v Malloy, 55 NY2d 296 [1982]; People v Grant, 127 AD3d 990, 990-991 [2015]; People v Garcia, 56 AD3d 271, 272 [2008]; People v Perez, 15 AD3d 284 [2005]; People v Gil, 258 AD2d 595, 596 [1999]).

The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during summation is without merit. The prosecutor's statements, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760 [2014]; People v Birot, 99 AD3d 933 [2012]; People v McHarris, 297 AD2d 824, 825 [2002]), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808, 810 [2003]; People v Clark, 222 AD2d 446, 447 [1995]), and any improper statements were not so flagrant or pervasive as to deny the defendant a fair trial (see People v Almonte, 23 AD3d 392, 394 [2005]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.