People v Ishtiaq (2018 NY Slip Op 04752)





People v Ishtiaq


2018 NY Slip Op 04752


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2013-09825
 (Ind. No. 1985/11)

[*1]The People of the State of New York, respondent,
v
Raja Ishtiaq, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Alyson J. Gill and Dennis A. Rambaud of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel L. Blumenfeld, J.), rendered October 11, 2013, convicting him of scheme to defraud in the first degree, grand larceny in the third degree, criminal possession of a forged instrument in the second degree (10 counts), insurance fraud in the third degree (5 counts), offering a false instrument for filing in the first degree (3 counts), and falsifying business records in the first degree (2 counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of grand larceny in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant allegedly submitted forged documents on applications to obtain insurance policies for commercial vehicles that were part of fleets operated by car service companies which he owned. The defendant then allegedly used the insurance policies to obtain licenses from the New York City Taxi and Limousine Commission (hereinafter the TLC) and license plates from the New York State Department of Motor Vehicles. The jury convicted the defendant, among other things, of scheme to defraud in the first degree and grand larceny in the third degree.
The defendant's conviction of grand larceny in the third degree (Penal Law § 155.35[1]) was based on the alleged theft of licenses from the TLC. "A person is guilty of grand larceny in the third degree when he or she steals property and . . . when the value of the property [*2]exceeds three thousand dollars" (Penal Law § 155.35[1]). The licenses from the TLC are not considered "property" within the meaning of the statute (Penal Law § 155.35; see People v Sansanese, 17 NY2d 302, 305-06; People v Cohen, 187 Misc 2d 435, 439-440 [Sup Ct, NY County]). Accordingly, although the defendant's legal insufficiency claim is unpreserved for appellate review, we vacate his conviction of grand larceny in the third degree and the sentence imposed thereon, and dismiss that count of the indictment as a matter of discretion in the interest of justice (see People v Hillard, 151 AD3d 743, 744-745).
The defendant suffered no discernable prejudice from the Supreme Court's handling of a juror's note (see People v Battle, 15 AD3d 413). The record does not indicate that the jury was unable to deliberate and to render a fair and impartial verdict, and the defendant's arguments to the contrary are without support in the record (see People v Latta, 151 AD3d 421; People v Marchena, 303 AD2d 295).
Neither the admission of evidence that the defendant had business dealings with a convicted felon, nor a witness's isolated, unsolicited reference to a prior prosecution of the defendant was so prejudicial as to deprive the defendant of a fair trial (see People v Braithwaite, 126 AD3d 993, 995).
The prosecutor's comments during summation were fair comments on the evidence, permissible rhetoric, or responses to defense counsel's summation, and they did not deprive the defendant of a fair trial (see People v Lassiter, 151 AD3d 885, 886-887; People v Jackson, 150 AD3d 1025; People v McHarris, 297 AD2d 824, 825).
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court