People v Hobbs (2020 NY Slip Op 05152)





People v Hobbs


2020 NY Slip Op 05152


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Ind No. 5681/11, 10/13 Appeal No. 11870 Case No. 2018-3128 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]The People of the State of New York, Respondent,
v
Martin Hobbs, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered September 28, 2015, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life; and judgment, same court (Edward J. McLaughlin, J.), rendered January 11, 2016, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a concurrent term of 16 years to life, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Viewed as a whole, the testimony supports the jury's conclusion that when defendant pressed an unseen object against the victim while announcing that he had a firearm, the victim believed the object might, in fact, be a firearm (see People v Howard, 92 AD3d 176 [1st Dept 2012], affd 22 NY3d 388 [2013]).
The record, including extensive psychiatric examinations and competency proceedings, supports the court's finding that defendant was competent to stand trial (see People v Phillips, 16 NY3d 510, 516-17 [2011]). The psychiatric evidence demonstrated that defendant, who had genuine mental health issues but tended to feign or exaggerate symptoms, understood the proceedings and was able to assist in his defense if he chose to do so.
The record establishes that defendant validly waived his right to be present at trial (see People v Epps, 37 NY2d 343, 348-50 [1975]; People v Collins, 29 AD3d 434 [1st Dept 2006]). Defendant plainly understood that he had the right to be present, and voluntarily chose not to be produced in court.
The court properly exercised its discretion in denying defense counsel's request to be relieved, made shortly before trial (see People v Linares, 2 NY3d 507 [2004]). Any breakdown in communication was the product of defendant's unjustified hostility to counsel, and did not require reassignment (see e.g. People v Rodriguez, 144 AD3d 498 [1st Dept 2016], lv denied 28 NY3d 1188 [2017).
We have considered and rejected defendant's ineffective assistance of counsel claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
In light of our affirmance of defendant's conviction after trial, there is no basis for reversal of his conviction by plea of guilty. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020