People v Hernandez (2021 NY Slip Op 05466)





People v Hernandez


2021 NY Slip Op 05466


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Ind No. 627/17 Appeal No. 14332 Case No. 2018-5346 

[*1]The People of the State of New York, Respondent,
v
Edwin Hernandez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alma D. Gonzalez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 30, 2018, convicting defendant, after a jury trial, of grand larceny in the fourth degree, obstructing governmental administration in the second degree and resisting arrest, and sentencing him to an aggregate term of 1&frac13; to 4 years, unanimously affirmed.
The record reflects that the court provided defendant an adequate opportunity to state his reasons for his request for substitution of counsel, and then providently exercised its discretion in denying defendant's request for reassignment of counsel (see People v Porto, 16 NY3d 93, 100 [2010]; People v Rahman, 129 AD3d 553 [1st Dept 2015], lv denied 26 NY3d 933 [1st Dept 2015]). To the extent defendant claims that counsel himself admitted to a breakdown in trust and communication, any such breakdown was the result of defendant's "unjustified hostility" toward his attorney, which does not require reassignment (People v Hobbs, 186 AD3d 1167, 1168 [1st Dept 2020], lv denied 36 NY3d 1051 [2021]).
Contrary to defendant's allegations, he was removed from the courtroom only after Supreme Court issued repeated warnings, which were ignored, as defendant's disruptive behavior continued. Further, the court afforded defendant the opportunity to return to the courtroom the next court date to correct his behavior (see People v Parker, 57 NY2d 136, 141 [1982]). Accordingly, the court did not improvidently exercise its discretion in removing defendant from the courtroom during the first day of trial when he failed to heed the court's warnings (see People v Johnson, 37 NY2d 778 [1975]; People v Byrne, 33 NY2d 343, 349-350 [1974]).
The waiver analysis does not apply to the third day of trial, because defendant was not warned of the consequences of his failure to appear (see Parker, 57 NY2d at 141). However, he forfeited his right to be present, because his failure to appear was for the purpose of frustrating the trial (see Sanchez, 65 NY2d at 443-444).
The court did not violate defendant's rights under People v O'Rama (78 NY2d 270 [1991]) by failing to place on the record discussions regarding a jury note that unambiguously requested the medical reports of the arresting officer. The parties had agreed in advance to send any trial exhibits in the event of a request, and the jury note required only the ministerial act of sending the exhibit into the jury room (People v Snipes, 178 AD3d 405, 406 [1st Dept 2019], lv denied 34 NY3d 1163 [2020]; see also People v Damiano, 87 NY2d 477, 487 [1996]). Nor were these rights violated with regard to a jury note requesting the "Threat, Resistance or Injury Report," because the request would have only necessitated the ministerial action of informing the jury that the report had not been admitted into evidence (see People v Ziegler, 78 AD3d 545 [1st Dept 2010]; compare People v Mendez, 26 NY3d 1004, 1005 [2015]).
Defendant concedes that his excessive sentence claim is moot because he has completed [*2]his entire sentence.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021